**UNITED STATES of America, Plaintiff,**

v.

**John A. NAPLES, Defendant.**

**Crim. No. 91–59.**

United States District Court
District of Columbia.

June 24, 1966.

See also D.C., 254 F.Supp. 418.

Charles Owen, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Harold Ungar, Joseph Sitnick, Washington, D. C., for defendant.

## MEMORANDUM

YOUNGDAHL, District Judge.

The defendant, John A. Naples, has moved for judgment of acquittal or in the alternative for a new trial on three principal grounds. First he asserts that a confession admitted into evidence was illegally obtained. Second he asserts that the confession was involuntary and that it therefore should have been excluded as a matter of law. Finally he urges that the evidence of his insanity was so overwhelming that reasonable men could not have differed and that he was therefore entitled to a directed verdict on this issue.

The history of this case and this Court's interpretation of the most recent pronouncement of the Court of Appeals for the District of Columbia Circuit relating to the confession may be found in a memorandum dated May 12, 1966, which accompanied an order denying the defendant's pretrial motion to suppress the confession. United States v. Naples, 254 F.Supp. 418 (1966). In that memorandum the Court ruled that there were no new facts adduced at the hearing which justified a result different from that reached at the time of the defendant's two prior trials as to the admissibility of the confession on *Mallory* [1] grounds, that the confession was not inadmissible under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and that the confession could therefore be introduced into evidence. The motion to suppress was denied, "without prejudice, of course, to the issues involved in it being raised for reconsideration in the light of further Supreme Court pronouncements in an appropriate motion during or after the trial." 254 F.Supp. at 421.

The Supreme Court has made the anticipated further pronouncements in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (decided June 13, 1966). This decision established an elaborate code of acceptable interrogation procedure aimed at preserving an expanded right to silence under the fifth amendment, primarily by means of an also expanded view of the sixth amendment's guarantee of the right to counsel. There is absolutely no doubt that the police interrogation of the defendant violated the new rules set forth in *Miranda*, for nothing in the evidence indicates that the requisite warning about the right to counsel was given.

A week after *Miranda*, however, the Supreme Court, in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (decided June 20, 1966), held "that *Escobedo* affects only those cases in which the trial began after June 22, 1964, * * * [and] that *Miranda* applies only to cases in which the trial began after the date of our decision one week ago." Id. at 721, 86 S.Ct. at 1775. At the hearing on this motion, the defendant made several arguments in an effort to show that *Johnson* does not eliminate the necessity for a new trial in this case. First he argued that the Court of Appeals had indicated that *Escobedo* controlled in this case, and urged that *Miranda* is therefore not crucial to the disposition of this motion. The short answers to these contentions are to be found first in this Court's prior memorandum, where this same contention was rejected, and second in *Johnson*, itself, which indicates that only case coming within the "precise holding" of *Escobedo*, 378 U.S. at 490–491, 84 S.Ct. 1758, are to receive its application retroactively to June 22, 1964. See Johnson v. New Jersey, 384 U.S. at 730, 86 S.Ct. at 1781. Taking this view of *Johnson*, the Court need not decide whether the fact that prior trials in this case commenced before June 22, 1964, in and of itself exempts the present proceeding from the application of the *Escobedo* decision.

1. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1958).

The defendant has also argued that *Johnson* indicates that, at the least, the new rule announced in *Miranda* bears on the issue of the voluntariness of the confession. He urges that the failure to advise him of his right to counsel renders his confession involuntary as a matter of law or that a new trial should be had during which the jury would have a right to judge the voluntariness of the confession under a new standard which would include, as one factor to be considered, the failure to advise of the right to counsel. See Johnson v. New Jersey, 384 U.S. at 730, 86 S.Ct. at 1779. The Court does not agree. At the beginning of this trial, the Court found specifically that the confession here involved was voluntary, and it reaffirms that holding now. Moreover, the Court submitted the issue of voltariness to the jury on the basis of a full instruction, which also included consideration of the defendant's mental state at the time he confessed, and the jury's verdict carries with it an implicit conclusion which is in agreement with the Court's: considering all the facts of the confession—including the failure to advise the defendant of his right to counsel—the confession was nevertheless voluntarily made.

The defendant has urged that the retroactivity principle announced in *Johnson* is arbitrary in that a different result would be compelled merely if there had been a one-month continuance in this case. But this contention must be rejected in light of the Supreme Court's ruling.

The defendant's only other serious contention is that he was entitled to a directed verdict on the issue of insanity. There are several answers to this contention, which the Court does not feel it necessary to set out in great detail. First, the defendant has been found guilty three times and three times his defense of insanity has been rejected. Second, the defense of insanity, in this trial at least, has been presented ably by highly competent trial counsel. Third, the Court permitted defense counsel the widest possible latitude in presenting evidence on the insanity defense, including allowing them to introduce a great deal of evidence seemingly barred by New York Life Ins. Co. v. Taylor, 79 U.S.App.D.C. 66, 147 F.2d 297 (1945); and Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725 (1958). Fourth, there emerged at the trial real and significant conflict in the testimony as to whether the defendant was suffering from a mental disease. Fifth, evidence was introduced which indicated that the defendant may be, or may have been, a malingerer. Finally, the Court of Appeals in Naples v. United States, 120 U.S.App.D.C. 123, 129–130, 344 F.2d 508, 514–515 (1964), rejected this same contention at the time of the defendant's last appeal. Because reasonable men could differ, a jury question was presented on the insanity issue, and it would have been improper for the Court to have withdrawn this issue from the jury.

The Court finding the defendant's principal grounds for seeking a judgment of acquittal or in the alternative a new trial lacking in merit and rejecting, without discussion, the other grounds presented in the motion, the motion must be denied.